NO. 07-02-0011-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 19, 2003



______________________________




CRESTHAVEN NURSING RESIDENCE; CANTEX 


HEALTHCARE CENTERS D/B/A CRESTHAVEN


NURSING RESIDENCE; BRATEX, INC.; GAMTEX,


 INC.; MEDCO MEDICAL SERVICES; ONTEX, INC.;


 AMLON U.S.A., INC., APPELLANTS



V.



DEBORAH FREEMAN, INDIVIDUALLY, AND ON BEHALF


OF THE ESTATE OF WANDA GRANGER, ET AL., APPELLEES





_________________________________



FROM THE 60TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. B155491; HONORABLE GARY SANDERSON, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

ON MOTION FOR REHEARING


 Appellants Cresthaven Nursing Residence, Cantex Healthcare Centers d/b/a
Cresthaven Nursing Residence, Bratex, Inc., Gamtex, Inc., Medco Medical Services,
Ontex, Inc., and Amlon U.S.A., Inc. have filed a motion for rehearing of our February 5,
2003 opinion in this cause.

 In their motion, without waiving their right to seek review by the supreme court of
all the issues they presented and which we discussed in our prior opinion, they present two
issues for our decision. Those issues are:

 1. Whether the court's opinion conflicts with the Texas Supreme Court's
holding in Columbia Hospital Corporation v. Moore, 92 S.W.3d 470 (Tex.
2002) that prejudgment interest on damages subject to the limitation on civil
liability for damages under section 11.02(a) of article 4590i of the Texas
Revised Civil Statutes, is included within that damages cap.


 2. Whether the cap amount is calculated by adjusting the $500,000 statutory
limitation by the Bureau of Labor Statistics' consumer price index identified
as "CPI-W," the index for urban wage earners and clerical workers, rather
than the consumer price index identified as "CPI-U," the consumer price
index for all urban consumers, pursuant to section 11.01 of article 4590i.


We have also asked for, and received, a response to appellants' motion from appellees. 
See Tex. R. App. P. 49.2.

 Because our disposition of appellants' first issue does conflict with the decision of
the supreme court in Columbia Hospital Corporation, which was decided after this appeal
was perfected, we are obligated to answer both the questions affirmatively. Accordingly,
appellants' motion for rehearing is granted to that extent. The parties have agreed that if
this motion is granted, the adjusted damage cap applicable to the judgment would be
$1,413,008.13. They have also agreed that the amount of $1,413,008.13 was calculated
by adjusting the $500,000 statutory limitation by the Bureau of Labor Statistics' consumer
price index identified as "C.P.I.-W," the index for urban wage earners and clerical workers,
rather than the consumer price index identified as "C.P.I.-U," the consumer price index for
all urban consumers, pursuant to section 11.01 of article 4590i.

 We remain satisfied with the disposition and discussion of the issues presented in
this appeal, with the exception of that portion of the opinion to which the motion for
rehearing was directed. Accordingly, we grant appellants' motion for rehearing as
provided above.

 A portion of the decretal provision of the judgment of the trial court is modified to
provide that appellees recover damages in the amount of $1,413,008.13 from appellants
Cresthaven Nursing Residence; Cantex Healthcare Centers d/b/a Cresthaven Nursing
Residence; Bratex, Inc.; Gamtex, Inc., Medco Medical Services; Ontex, Inc.; and Amlon
U.S.A., Inc., jointly and severally, in the amount of $1,413,008.13, together with interest
thereon at the rate of 10% per annum from August 30, 2001, until paid. Tex. R. App. P.
43.2. As modified, the judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



se"
 UnhideWhenUsed="false" Name="Medium List 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
29, 2011

 



 

DERRICK LACY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 432ND DISTRICT COURT OF
TARRANT COUNTY;

 

NO. 1188762D, 1188764D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Derrick Lacy, entered pleas of guilty, and pleas of true to allegations of
prior convictions, without benefit of a plea bargain, to theft of property
under the value of $1,500,[1]
possession of a controlled substance, oxycodone, of
one gram or more but less than four grams,[2]
enhanced by allegation of one prior felony conviction,[3]
and possession of a controlled substance, morphine, of less than one gram.[4]  After receiving the pre-sentence
investigation (PSI), the trial court assessed appellants punishment at two
years in a State Jail Facility on the theft and possession of morphine charges.  At the same time, appellant was assessed a
term of confinement of six years in the Institutional Division of the Texas
Department of Criminal Justice on the possession of oxycodone
charge.  All terms of confinement were
ordered to run concurrently.  Appellant
has perfected his appeal contending that the trial court abused its discretion
by assessing a disproportionate punishment under the Eighth Amendment to the
United States Constitution.  We affirm.

Factual and Procedural Background

            Appellant
does not contest the sufficiency of the evidence to sustain his pleas of
guilty.  Neither does appellant contest
the procedural aspects of his plea of guilty without benefit of a plea bargain.  The record reflects that appellant entered
his pleas of guilty to each of the indicted offenses on June 9, 2010.  At the conclusion of the pleas, the trial
court ordered a PSI prepared. 
Subsequently, on the 27th of August, 2010, the trial court
conducted a punishment hearing.  The only
evidence received at that hearing was the PSI. 
After receiving the PSI, the trial court assessed appellants punishment
as set forth above.  A motion for new
trial was filed by appellant that contained only one allegation, [T]hat the verdict is contrary to the law and the evidence
which was presented in these cases. 
Appellant now contends that the punishment set forth violates his due
process rights under the United States Constitution.  See U.S.
Const. amend VIII.  We disagree and will affirm the trial courts
judgment.

Preservation of Error

            Before
we can begin any analysis, we must determine if appellants complaint has been
preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(1).[5]  Appellant couches his argument in terms of a
due process violation.  However, the
Texas Court of Criminal Appeals has ruled that allegations of due process
violations are subject to the requirement of preservation by an objection or
motion filed with the trial court.  See
Anderson v. State, 301 S.W.3d 276, 279-80 (Tex.Crim.App. 2009). 
Our review of the record reveals that appellant lodged no objection to
the trial courts sentences at the time of the punishment hearing.  Further, the subsequently filed motion for
new trial contains no reference to appellants due process argument.  A fair reading of the motion for new trial
does not lead us to the conclusion that appellants current argument was
apparent from the context of the motion. 
Rule 33.1(a)(1).  Accordingly, appellants issue has not been
preserved for review and is therefore waived. 
Anderson, 301 S.W.3d 279-80.  Appellants sole issue is overruled.

 

 

 

Conclusion

            Having
overruled appellants only issue, the judgments of the trial court are
affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 











[1] See Tex. Penal Code Ann. § 31.03(b), (e)(4)(D)
(West 2011). (No. 07-10-0408-CR).





[2] See Tex. Health & Safety Code Ann. § 481.115(a), (c) (West
2010). (No. 07-10-0409-CR).





[3] See Tex. Penal Code Ann. § 12.42(a)(3)
(West 2011).





[4] See Tex. Health & Safety Code Ann. § 481.115(a), (b). (No. 07-10-0410-CR).





[5] Further reference to the Texas Rules
of Appellate Procedure will be by reference to Rule ___.